**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KRISTINA LASHMET, )<br>)<br>Defendant. )<br>_____) | **CIVIL ACTION**<br><br>No. 10-10096-02-MLB<br>    11-1356-MLB |

**MEMORANDUM AND ORDER**

Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Court found that the motion contained conclusory allegations without factual or legal support, and ordered her to supplement her motion by December 22, 2011 with facts particular to her case. On December 27, Defendant requested an additional 30 days to comply with the Court's order, which was granted. To date, Defendant has not filed a supplement to the motion.

Defendant is proceeding pro se, and her pleadings will be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). But pro se litigants are required to follow the rules of federal procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Defendant bears the burden of "alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The Court can dismiss a case with prejudice for failure to comply with Rule 8(a), failure to prosecute, or failure to comply with a court order. Fed.R.Civ.P. 41(b); Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). Rule 8(a) requires a short and plain statement of the claim showing the movant is entitled

to relief. Fed.R.Civ.P. 8(a). Because dismissal is a harsh remedy, the Court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003).

The first factor weighs in favor of dismissal. The Government suffers prejudice when it is forced to respond to a petition which does not contain a clear cause of action, factual support, or legal basis for the claim. The Government is then forced to do what this court has been instructed not to do, create and carve out arguments for the defendant. See Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007). Neither the court nor the Government is required to interpret pleadings that are incomplete or incomprehensible. Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

The second factor also weighs in favor of dismissal. The second factor concerns whether the court's docket is affected by the case or claims. For example, in one case, a Magistrate Judge determined that over 100 hours had been spent on reviewing the pleadings and attempting to determine what the claims were. See United States v. Celio, 2011 WL 3799028 (D.Colo. 2011). In another case, the court found that a defendant's failure to comply with the court's orders and failure to follow statutory requirements prevented the court from addressing the merits of that case and the merits of other cases on the docket. Stanko v. Davis, 335 Fed.Appx. 744, 746 (10th Cir. 2009)(unpublished opinion). In the case at hand, the court is unable

to address the merits of the case, as Defendant has not set forth a factual basis for the claims, or a legal argument in support. Although Defendant's filings are not excessive and this case has not overly burdened the court's time or schedule, failure to provide the information ordered by the Court warrants dismissal.

The third and fourth factor weigh in favor of dismissal. Defendant was given an opportunity to supplement the motion with facts to support the claims. Defendant failed to do so. Defendant was also warned that failure to provide the necessary information would result in dismissal. (Doc. 79).

With regard to the fifth factor, there is no lesser sanction that is appropriate in this case. The Court has already provided Defendant an opportunity to supplement the motion. Defendant failed to do so. Defendant has failed to comply with the court's order to supplement her motion. Defendant has also failed to diligently prosecute her claims. Defendant's Motion to Vacate (Doc. 78) is dismissed.

IT IS SO ORDERED.

Dated this 29th day of March 2012, at Wichita, Kansas.

    s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE